# The Law Offices of
# Joseph A. McCormick, Jr., P.A.

---

www.mccormicknjlaw.com
Joseph A. McCormick Jr. (NJ and D.C.)
Paul S. Pflumm (NJ and MA)

76 Euclid Avenue, Suite 103
Haddonfield, New Jersey 08033
Phone    (856) 795-6500
Fax      (856) 795-6578
jmccormick@mccormicknjlaw.com
ppflumm@mccormicknjlaw.com

July 22, 2020

VIA CM/ECF

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, N.J. 08101

     **Re:**   In re Megan Gilberg,
               Case No. 19-27600 (ABA).

Dear Judge Altenburg:

     As Your Honor may recall, this Firm represents Joseph D. Marchand, Chapter 7 Trustee, in the above-referenced case. Please accept this in lieu of a more formal memorandum of law in response to Debtor's Reply Brief in Further Support of Her Cross-motion To: (I) Overrule Trustee's Objection; and (II) Compel Abandonment ("Debtor's Reply"), and the Court's request for additional briefing.

     The Debtor's Reply incorrectly asserts that the Trustee is attempting to object to the Debtor's exemptions of property other than her claim that equitable distribution is not property of the Bankruptcy Estate. While objecting to the Debtor's motion to compel abandonment, the *only* exemption to which the Trustee has objected is to the claim that equitable distribution is not property of the Estate. The Trustee submits that the Debtor's claims of a late objection to the exemption arise from a misapprehension over the Trustee's asserted interest in the exempted property.

     Exemptions are the Debtor's selection of property as exempt from the claims of creditors and are basic to the fresh start provided by bankruptcy. *cf.* Sheehan v. Morehead (In Re Morehead), 283 F.3d 199, 203 (4th Cir. 2002)(exemptions afford the debtor some economic and social stability, which is important to the fresh start guaranteed by bankruptcy). However, the statutory scheme still provides that exempted property becomes property of the Estate.

     Section 541 defines Property of the Estate as:

> (a)The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>> (1)Except as provided in subsections (b) and (c)(2) of this section, all legal

> or equitable interests of the debtor in property as of the commencement of the case.
>
> 11 U.S.C. § 541(a).

The referenced exceptions in §§541(b) and (c)(2) do not include exempt property and thus exempt property enters into the Bankruptcy Estate although "immunized against liability for prebankruptcy debts" by way of distribution to creditors. Owen v. Owen, 500 U.S. 305, 308 (1991). *See also* Taylor v. Freeland & Kronz, 503 U.S. 638, 639 (1992)(stating that the Bankruptcy Code requires a list of "property that the debtor claims as statutorily exempt from distribution to creditors.") More recently, the Supreme Court described exemptions as "the debtor's attempt to reclaim those assets or, more often, certain interests in those assets, to the creditors' detriment." Schwab v. Reilly, 560 U.S. 770, 785 (2010). It is clear that exempted property can also be property of the Estate.

The Debtor recognized that the Estate has an interest in the Debtor's exempt property and is estopped from now denying it. The Debtor's cross-motion seeks to compel the abandonment of the exempted assets, which can only be necessary if the Estate still holds an interest in those assets or there would be nothing to abandon. The Debtor's proposed order further recognizes the Estate's interest, providing "that the Trustee shall immediately abandon his interest in all scheduled assets" *See* Document 40-3 on the docket. The Debtor cannot now use the Debtor's Reply to argue that the Trustee has no interest in those assets.

It is the Trustee's position that although exempt, the Estate retains an interest in the assets. The nature of that interest is limited. For instance, partially exempt assets are regularly sold and the exempt proceeds paid to the Debtor even when the Debtor thought the asset was fully exempt. In the instant case, the main value of that interest is the ability to prevent the Debtor from trading her equitable distribution rights for an increased share of the exempt marital property to the detriment of creditors.

Therefore, the Trustee prays that the Debtor's cross-motion be denied. Thank you for Your Honor's consideration of this matter.

                        Respectfully submitted,

                        Joseph A. McCormick, Jr., P.A.
                        A Professional Association

                        By: /s/ *Paul Pflumm*
                            Paul Pflumm
                            For the Firm

PSP/nsp

cc:    Joseph D. Marchand, Esquire (via cm/ecf and email)
        Jenny Kasen, Esquire (via cm/ecf and email)

T:\Joint Clients\Gilberg, Megan GB-1184-M\Obj to exemptions\Ltr brf re estates interest 7 22 20.wpd