UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Order Filed on September 24, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re: <br><br> Megan B. Gilbert | Case No.: 19-27600-ABA <br> Chapter: 7 <br> Hearing Date: August 25, 2020 <br> Judge: Andrew B. Altenburg, Jr. |

### ORDER ON TRUSTEE'S OBJECTION AND DEBTOR'S CROSS-MOTION

The relief set forth on the following page, numbered two, is hereby **ORDERED**.

**DATED: September 24, 2020**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

*In re Megan B. Gilberg*
*Case No.: 19-27600-ABA*
*Order on Trustee's Objection and Debtor's Cross-Motion*
Page | 2

---

**THIS MATTER** having come before the court by the Chapter 7 Trustee's Objection to Debtor's Claim of Exemptions (Doc. No. 36) (the "Objection") and the response of the debtor Megan Gilberg thereto, as well as the debtor's Cross-Motion to: (i) Overrule Trustee's Objection; and (ii) Compel Abandonment of all Scheduled Assets (Doc. No. 40) (the "Cross-Motion"); and after a hearing held August 25, 2020; and the court having issued a Letter Opinion on September 15, 2020 (Doc. No. 55), attached hereto; and

For the reasons set forth on the record and in the Letter Opinion entered herewith; and for good cause shown; it is

**ORDERED** that the Trustee's objection to the debtor's claim that equitable distribution is not property of the bankruptcy estate is SUSTAINED and the debtor's Cross-Motion seeking to overrule the Trustee's objection as to her equitable distribution claim not being property of the estate is DENIED.

**IT IS FURTHER ORDERED** that the debtor's exemption in the Penn Valley Property up to the amount of $175,000 is SUSTAINED.

**IT IS FURTHER ORDERED** that any equitable distribution on property other than the Penn Valley Property and/or in excess of the $175,000 claimed in the Penn Valley Property is property of the estate recoverable by the Trustee.

**IT IS FURTHER ORDERED** that the debtor's Cross-Motion seeking abandonment of the trustee's interest in her leased 2017 Lexus GC 460, her term life insurance policy, and her interest in MBJG, LLC, is GRANTED.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ  08101-2067

Andrew B. Altenburg, Jr.                                                                                                  (856) 361-2320
U.S. BANKRUPTCY JUDGE

September 15, 2020

**VIA CM/ECF**

Jenny R. Kasen, Esquire                              Paul Stadler Pflumm, Esquire
Kasen & Kasen                                        Joseph A. McCormick, Jr., P.A.
1874 E. Marlton Pike, Suite 3                        76 Euclid Avenue, Suite 103
Cherry Hill, NJ 08003                                Haddonfield, NJ 08033-2387

            RE:    *In re Megan B. Gilberg*
                    Bankr. Case No. 19-27600-ABA

                        **LETTER OPINION**

Dear Counsel:

      The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

      Before the court is the Chapter 7 Trustee's ("Trustee") Objection to Debtor's Claim of Exemptions (Doc. No. 36) (the "Objection") and the response of the Debtor Megan Gilberg (the "Debtor") thereto, as well as her Cross-Motion to: (i) Overrule Trustee's Objection; and (ii) Compel Abandonment of all Scheduled Assets (Doc. No. 40) (the "Cross-Motion"). In addition, supplemental pleadings were filed. The parties have made all of their submissions and appeared and made their arguments at a hearing on this matter via CourtSolutions on August 25, 2020. The court has considered all submissions and arguments. The matter is now ripe for disposition.

      It is undisputed, and as evidenced by the Debtor's Statement of Financial Affairs (Doc. No. 1), that the Debtor was a party to a divorce action that was pending before the filing of her bankruptcy petition. When she filed her petition (Doc. No. 1), the Debtor disclosed an asset on Schedule A/B to her petition as "Unliquidated contingent claim for post-petition equitable distribution – Not property of the estate." (the "Equitable Distribution Claim"). On Schedule C to her petition, the Debtor did not specifically claim an exemption in that Equitable Distribution Claim, but did claim an exemption of $175,000 interest in other property located in Penn Valley, Pennsylvania, valued at $735,000 (hereinafter, the "Penn Valley Property") under the non-Bankruptcy Code exemption scheme as held by tenants by the entirety.

The Trustee filed his Objection arguing that the Debtor's exemption of her Equitable Distribution Claim - by stating it is not property of the Estate - was improper.

The Debtor objected to the Trustee's position and through the Cross-Motion, moved for the Trustee to abandon "all scheduled assets." She argued that in Pennsylvania, property held by tenancies by the entirety is exempt from creditors. She objected that the Trustee had not identified what other assets, subject to equitable distribution, he believes are valuable to the estate, or articulated what actions he would take to monetize same.

The Trustee responded that the Debtor did not defend her position that the Equitable Distribution Claim is not property of the estate nor did she set forth the elements for abandonment.

The parties have advanced other arguments or positions that fail to address the issue presented and except as set forth herein, the court will not address them.

A point of procedural clarity here: there have been several Stipulations between the Trustee and the Debtor regarding Extensions of Time to Object to Exemptions. The last Stipulation fixed May 15, 2020 as the final deadline. Doc. No. 30. On May 15, 2020, the Trustee timely filed his Objection to Exemptions. Although titled "Objection to Exemptions", clearly the gist of the objection was the Debtor's claiming that the Equitable Distribution Claim was not property of the estate. The court is unaware of any deadline to object to a Debtor improperly claiming that property is not property of the estate.

Another point, at no time did the Debtor actually ever specifically exempt the u Equitable Distribution Claim on Schedule C to her petition despite having filed several amendments thereto.

Without question, the Debtor improperly claimed the Equitable Distribution Claim as not being property of the estate—which it clearly is. A debtor's interest in equitable distribution as of a bankruptcy filing is property of the estate. *In re Radinick*, 419 B.R. 291, 295 (Bankr. W.D. Pa. 2009) ("a marital interest in property (i.e., a right to equitable distribution) vests immediately upon the initiation of a divorce action coupled with the request for equitable distribution of marital assets. *Citing In re Bennett*, 175 B.R. 181; *In re Scholl*, 234 B.R. 636, 641; and *In re Polliard*, 152 B.R. 51, 53. *See also In re Roberge*, 188 B.R. 366, 369 (E.D. Va. 1995), *aff'd sub nom. Roberge v. Buis*, 95 F.3d 42 (4th Cir. 1996) ("Once the right to equitable distribution vests, the parties to the divorce obtain inchoate equitable interests in the marital estate equivalent to the shares to which they are entitled under equitable distribution. The Bankruptcy Code provides that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest ... becomes property of the estate"). Accordingly, here, the Debtor's classification of the Equitable Distribution Claim as not being property of the estate was wrong as the Debtor's interest in the Equitable Distribution Claim is most certainly property of the estate.

What the Debtor appears to be arguing here is that the only equitable distribution that will be available will be the equity in the Penn Valley Property (located at 1321 Flatrock Road). And since she has properly claimed an exemption in *THAT* property, the Trustee's Objection must be overruled.

Because the property is located in Pennsylvania and section 522(b)(3)(B) applies to exemptions "under applicable nonbankruptcy law," Pennsylvania tenancy by the entireties law applies to this issue. *Butner v. United States,* 440 U.S. 48, 54 (1979). The Debtor is correct that her exemption of her interest in the Penn Valley Property is proper. A tenancy by the entirety property interest is not severed until entry of a divorce decree. *In re Davis,* 356 B.R. 385, 387; *In re Denillo,* 309 B.R. 866, 871; *Keystone Savings Association v. Kitsock,* 429 Pa. Super. 561, 633 A.2d 165, 168 (1993); and *In re Barsotti,* 7 B.R. 205, 209. Here, only a divorce action was commenced prepetition, and no decree was entered within 180 days of the petition date, 11 U.S.C. § 541(a)(5)(B), thus the tenancy by the entireties existed at filing. *Id.* That a divorce decree may be entered in the future does not negate the existence of the tenancy by the entireties on the petition date or its valid exemption at that time, since exemptions are determined as of the petition date. *Davis,* 356 B.R at 388 (citing 522(b)(3)(B) and *In re Martin,* 269 B.R. 119, 122 (Bankr. M.D. Pa. 2001)). As argued by the Debtor here, a postpetition change in how a property is titled does not negate a present exemption, as section 522(c) protects the property from becoming liable later in the case or after the case concludes.

In addition, while the Trustee expresses concern that the Debtor will seek to retain the Penn Valley Property rather than property the Trustee can use to pay creditors, he cites no authority supporting that this is improper. The Third Circuit in *In re Tamecki,* 229 F.3d 205 (3d Cir. 2000), affirmed a dismissal for bad faith where a Debtor with only $35,000 in credit card debt filed bankruptcy on the eve of divorce, exempting property held by tenancy by the entireties that had $100,000 in equity. The court agreed that his expectation that he shortly could pay his creditors in full supported a finding of lack of good faith. *Id.* But the Trustee has not suggested bad faith here and it may be too late to do so as the Debtor has received her discharge.

Moreover, the Trustee's remedy here is to intervene in the divorce action. The Trustee in *In re Dzielak,* 435 B.R. 538, 544 (Bankr. N.D. Ill. 2010), did so to prevent that Debtor and her ex-husband from colluding to divide property by having the Debtor receive all exempt property. Intervening in the state court would provide the Trustee resort to state remedies for any delay, such as a motion to compel, "to elicit action," and to allow the Trustee to make the state court aware of the interests of the Debtor's creditors. *In re Moses,* 194 B.R. 777, 780 (Bankr. E.D. Pa. 1996). Whether he may intervene will be a question for the state court. *Id.*, at 781. Whether to intervene is a business decision of the chapter 7 Trustee, *see, e.g. In re Kiley,* 595 B.R. 595, 606 (Bankr. D. Utah 2018). Consequently, the Trustee here may intervene in the divorce action to ensure that the estate's interest is being properly protected.

With that said, the Debtor's exemption in the Penn Valley Property section 522(b)(3)(B) is proper.

One last note on the exemption of the Penn Valley Property issue. The Debtor specifically claimed this exemption in the amount of $175,000. Normally, an exemption of property as held by tenancy by the entireties is not a monetary exemption in a homestead like section 522(d)(1) provides. Tenancies by the entirety only insulate property from creditors of one spouse. *In re St. Hill,* 04-30919F, 2005 WL 6522764, at *6 (Bankr. E.D. Pa. Sept. 2, 2005) ("In Pennsylvania, [exemption under section 522(b)(2)(B)] results in tenancy by the entireties property being exempt from the claims of creditors who hold claims only against one spouse."). But here, the Debtor,

through her petition and multiple amendments has limited herself to an exemption of $175,000. Accordingly, to the extent that the Debtor's value in the Penn Value Property exceeds $175,000, any amount above the $175,000 claimed exempt would arguably come back to the bankruptcy estate for distribution to creditors.

The Debtor has cross-moved for the Trustee to abandon his interest in the Equitable Distribution Claim "On request of a party in interest and after notice and a hearing, the court may order the Trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

Rather than assert that any award would be inconsequential, she argued that the Trustee has not identified any assets or articulated what actions he would take to monetize same. However, she alleged that "For the past nine (9) months, the Trustee has engaged in an *extensive* investigation into the Debtor's assets, by subpoenaing the Debtor, her husband, his accountant, Debtor's former counsel in the divorce proceeding, her husband's counsel in the divorce proceeding, and PNC Bank." Doc. No. 40, ¶ 16. Moreover,

> [i]n a motion to compel abandonment under § 554(b), the burden is on the movant to make out a prima facie case. The movant's case may then be rebutted by evidence that the estate does have some equity in the property, including proof that the asserted interest can be subordinated to an interest of the trustee. The movant's ultimate burden of proof is the preponderance of the evidence.

*In re Taggart*, BR 10-27479, 2013 WL 392452, at *1 (Bankr. D.N.J. Jan. 31, 2013) (footnotes omitted).

Here, the Trustee, through oral argument of his counsel, made a showing that he believes there may be equitable distribution on property other than the Penn Valley Property, for example, but not limited to, the husband's condominium and bank accounts (though he has yet to convert this case to an asset case). Equitable distribution on that property is property of the estate and the Debtor has not exempted it. Likewise, there may be distribution in excess of the $175,000 claimed in the Penn Valley Property due to the Debtor's claimed exemption scheme. So, there may be some recovery by the estate on that property.

Finally, the Debtor also argued that it might be a long time until the state court makes a decision because the Debtor at this time cannot afford an attorney, presumably meaning that the Trustee should abandon the potential asset as being burdensome. While a "'trustee has a wide variety of choices as to claims of the bankrupt – to prosecute, allow another to prosecute on mutually satisfactory terms, sell, or abandon . . . .'" *In re Taylor*, 15-31208 (AMN), 2019 WL 4281896, at *8 (Bankr. D. Conn. Sept. 10, 2019) (quoting *In re Ira Haupt & Co.*, 398 F.2d at 613), here it appears that the Trustee prefers to "allow another to prosecute on mutually satisfactory terms," that is, the Debtor. It is certainly not, as suggested by the Debtor, the Trustee's role to personally prosecute that divorce action and to suggest otherwise, is nonsensical. The court rejects the notion that the Trustee must prosecute the divorce action. That the Debtor is unrepresented in state court is not a bar to that matter going forward. What is more, the Debtor was granted a discharge in this case in January 2020, so any financial difficulties arising postpetition will not be

alleviated by concluding the bankruptcy case. Upon her discharge, the stay was terminated, 11 U.S.C. § 362(c), thus the divorce action can proceed. Indeed, the Debtor's desire to start enjoying her fresh start may lie in her concluding the divorce action.

Abandonment of the potential Equitable Distribution Claim referred to by the Trustee's counsel is not appropriate at this time as the Debtor did not meet her burden for abandonment. The Cross-Motion shall be denied, in part, in that regard.

However, the Cross-Motion will be granted, in part, as to the leased 2017 Lexus GC 460 (surrendered), the term life insurance policy (no cash surrender value), and the Debtor's interest in MBJG, LLC (no activity or business and, after investigation by the Trustee, no proof of any value provided) as the Debtor has demonstrated that those assets are of inconsequential value and of no benefit to the estate. Counsel to the Trustee's statements regarding that property during the hearing warrants a finding that there is no evidence to support a finding that the estate has any equity in any of that property, including proof that any asserted interest can be subordinated to an interest of the Trustee. Therefore, the Debtor has met her burden of proof by a preponderance of the evidence that the Trustee should abandon that property.

Accordingly, the court: 1) sustains the Trustee's Objection to the Debtor's claim that equitable distribution is not property of the bankruptcy estate; 2) finds that the Debtor's exemption in the Penn Valley Property section 522(b)(3)(B) up to the amount of $175,000 is proper; 3) denies the Cross-Motion as to the Equitable Distribution Claim and distribution in excess of the $175,000 claimed in the Penn Valley Property; and 4) grants the Cross-Motion as to leased 2017 Lexus GC 460, the term life insurance policy, and the Debtor's interest in MBJG, LLC.

Counsel to the Trustee shall submit a proposed form of Order consistent with this ruling.

The court reserves the right to revise its findings of fact and conclusions of law.

Very truly yours,

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

```
                         United States Bankruptcy Court
                               District of New Jersey
In re:                                                                Case No. 19-27600-ABA
Megan B. Gilberg                                                      Chapter 7
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-1           User: admin                 Page 1 of 1                  Date Rcvd: Sep 24, 2020
                               Form ID: pdf903             Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 26, 2020.
db             +Megan B. Gilberg,    504 Queen Ann Road,    Cherry Hill, NJ 08003-3216

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                   TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2020                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 24, 2020 at the address(es) listed below:
          Denise E. Carlon    on behalf of Creditor    Toyota Lease Trust dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Jenny R. Kasen    on behalf of Debtor Megan B. Gilberg jkasen@kasenlaw.com,   dkasen@kasenlaw.com
          Joseph   Marchand    jdmarchand@comcast.net,    jmarchand@comcast.net;jmarchand@ecf.axosfs.com
          Joseph A McCormick, Jr.    on behalf of Trustee Joseph    Marchand jmccormick@mccormicknjlaw.com,
           karen@mccormicknjlaw.com;Lorraine@mccormicknjlaw.com;Kathleen@mccormicknjlaw.com;Karen@mccormickn
           jlaw.com
          Paul Stadler Pflumm    on behalf of Trustee Joseph    Marchand ppflumm@mccormicknjlaw.com,
           Karen@mccormicknjlaw.com;Lorraine@mccormicknjlaw.com;Kathleen@mccormicknjlaw.com;Karen@mccormickn
           jlaw.com
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Lease Trust rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                        TOTAL: 7