UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:  Megan Gilberg, | Case No.:  19-27600-ABA |
| | Chapter:  7 |
| | Judge:  Andrew B. Altenburg |

## NOTICE OF PROPOSED COMPROMISE or SETTLEMENT OF CONTROVERSY

Joseph D. Marchand, Chapter 7 Trustee, in this case proposes a compromise, or to settle a claim and/or action as described below.  If you object to the settlement or compromise, you must file a written objection with the Clerk of the United States Bankruptcy Court, and serve it on the person named below not later 7 days before the hearing date.

| Address of the Clerk: | Jeanne Naughton, Clerk |
|---|---|
| | United States Bankruptcy Court |
| | 401 Market Street |
| | Camden, NJ 08101 |

If an objection is filed, a hearing will be held before the Honorable Jerrold N. Poslusny  on Tuesday, April 19, 2022  at 10:00  a.m. at the United States Bankruptcy Court, courtroom no. 4B, Mitchell H. Cohen Courthouse, 400 Cooper Street, 4th Floor, Camden, New Jersey, 08101  (hearing to be scheduled for at least 28 days from the date of the filing of the notice).  If no objection is filed the clerk will enter a *Certification of No Objection* and the settlement may be completed as proposed.

Nature of action:

The Debtor was a party to a pre-petition divorce action venued in the Montgomery County Pennsylvania Court of Common Pleas.  The Bankruptcy Court determined that the Debtor's interest in equitable distribution was property of the Estate and the Debtor's exemption of her interest in the marital home was limited to $175,000.00.  The Trustee intervened in the Divorce Action.  The parties negotiated a Property Settlement Agreement, and an addendum to said Property Settlement Agreement.

Pertinent terms of settlement:
1. The Bankruptcy Estate will receive $20,000.00 representing the Debtor's share of equitable distribution of assets other than retirement accounts and the marital home.  Payment is to be made within thirty (30) days of the entry of the divorce decree.
2. The Bankruptcy Estate will also receive $20,000.00 in lieu of roll over of retirement accounts representing the Debtor's share of equitable distribution of said accounts. The monies

> shall be paid to the Bankruptcy Estate in two (2) payments. The first Ten Thousand Dollar ($10,000.00) payment shall be made within thirty (30) days of the entry of the divorce decree and the second and final Ten Thousand Dollar ($10,000.00) payment shall be made within sixty (60) days of the entry of the parties' divorce decree.
>
> 3. Investigation revealed that the Debtor's equitable distribution rights in the marital residence, determined to be $125,000.00 in the Property Settlement Agreement, were less than her $175,000.00 exemption.
>
> 4. The Property Settlement Agreement and Addendum to Property Settlement Agreement are subject to notices being circulated to creditors in the instant Chapter 7 bankruptcy case pursuant to the Federal Rules of Bankruptcy Procedure and the local rules of the United States Bankruptcy Court for the District of New Jersey. In the event that the Court sustains any objection to this Property Settlement Agreement and Addendum to Property Settlement Agreement shall be null and void, any monies previously remitted to the Trustee shall be returned to Husband.
>
> 5. At all times, the Debtor, her estranged husband, and the Trustee shall support the Court's approval of the Property Settlement Agreement and Addendum to Property Settlement Agreement.
>
> 6. The Property Settlement Agreement and Addendum to Property Settlement Agreement are also subject to approval in the matrimonial case.

Objections must be served on, and requests for additional information directed to:

Name:      Paul Pflumm, Esq.,
           McDowell Law, PC, Attorneys for Trustee

Address:   46 West Main Street, Maple Shade, NJ 08052

Telephone No.: (856) 482-5544

M:\Active Files\Marchand, Joseph Chapter 7 Trustee\Gilberg\Notice of Proposed Compromise for Settlement of Controversy 3 10 22.wpd