

McDOWELL LAW PC

November 29, 2022

VIA CM/ECF

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

    Re:    In re Megan Gilberg,
           Case No. 19-27600 (ABA).

Dear Judge Altenburg:

    Please accept this letter as the Supplemental Response of Joseph A. McCormick, Jr., P.A. ("Initial Counsel for the Trustee"); McDowell Law, P.C., ("Successor Counsel for the Trustee"); and Bort Law, Special Counsel for the Trustee to the objections to their Applications to Compensation. This Supplemental Response will be limited to the issues that the Court requested be addressed.

    The Court requested that I address certain points, including any duplicate billing between the Trustee's special matrimonial counsel, Michelle Bobman and myself, as well as, the roles of the Initial Counsel for the Trustee, Successor Counsel for the Trustee and Special Counsel. The Court also inquired whether counsel performed Trustee duties and "self-policing" in the form of reductions in the amount of fees requested.

    Initially, I would submit that concerns of double billing between myself and Ms. Bobman are unjustified. We worked together to obtain discovery and to negotiate with counsel for Brian Gilberg as both bankruptcy issues and Pennsylvania matrimonial issues were presented. Brian Gilberg was represented by both matrimonial counsel, Michael Bertin, and bankruptcy counsel, Michael D. Vagnoni, from Obermayer Rebmann Maxwell & Hippel LLP.

    There was extensive discovery, mostly done cooperatively and informally. Ms. Bobman's expertise guided us, because her familiarity with the process gave her the knowledge of what documents were required. However, I subpoenaed documents from third parties, that were required to value assets for equitable distribution.

    With the exception of several zoom conferences, including settlement conferences and two (2) with the matrimonial court, and typically including both Ms. Kasen and the Debtor's matrimonial counsel, Frank Makos, I don't recall telephone calls with Brian Gilberg's attorneys

that included both Ms. Bobman and I.  A review of the billing does not change that recollection. The billing does indicate that on June 3, 2021, Ms. Bobman and I both spoke to Frank Makos, but from both of the written descriptions, it does not appear to have been a conference call.

Ms. Bobman provided essential services reviewing documents for importance in the matrimonial matter, advising how Pennsylvania matrimonial courts analyzed the financial information and determined equitable distribution.  Her expertise provided guidance to the Trustee and his professionals so that any potential resolution considered both bankruptcy and Pennsylvania matrimonial ramifications.

Ms. Bobman also conducted any interactions with the Pennsylvania Courts.  My only interaction with the Pennsylvania Courts was participation in two telephonic "triage conferences" in case that bankruptcy issues arose.  If memory serves, the Debtor was also represented in those triage conferences by Ms. Kasen and her matrimonial counsel.

Your Honor also inquired about the role of Special Counsel.  As both Initial Counsel for the Trustee and Successor Counsel for the Trustee, the Firms operated as General Counsel for the Trustee.  As General Counsel to the Trustee, part of our role was to summarize issues and present options to the Trustee for his decision making.  He reviewed all pleadings prior to filing. We forwarded to him all communications and discovery received, and discussed events regularly.

In my experience, and in the lengthy experience of Joseph McCormick representing Trustees, these are common and necessary parts of acting as General Counsel to a Trustee.  In other cases, we act as Special Counsel for the Trustee, called in to perform specific duties or adversary proceedings, with the Trustee also acting as his own attorney.  We have in fact performed both roles for Mr. Marchand in different cases. In the instant case, Mr. Marchand elected to have us serve as general counsel.

Most communication with Ms. Bobman as Special Counsel was done as part of our role as General Counsel.  In effect, the Firms were providing information for the Trustee to limit the amount of non-trustee work required of him, then implementing his decisions.  The services that we performed were not in the nature of Trustee tasks but were limited to legal advice regarding the various decisions that were necessary for him to make in this matter.

Your Honor also expressed an interest in reduction of fees prior to the filing of the Application for Compensation.  This is the regular practice.  The "pre bill" for Initial Counsel for the Trustee was $49,086. The Application for Compensation requested $46,545.75, a reduction of $2,541 or 5.4%.  The preserved "pre bill" for Successor Counsel for the Trustee has no totals to compare to the final invoice, and the final invoice contained additional work.  As a result, I can not offer details of the reductions made prior to filing of that fee application.  However, reductions were made and reflected in the requested fees, and a reduction of 5-10% is not unusual as the Trustee is concerned about making a distribution to unsecured creditors.

Additionally, the professionals for the Trustee agreed to, at the request of the Trustee, to discount their approved fees in order to fund a distribution to unsecured creditors. Once again,

this is not unusual in cases in which administrative expenses are higher than anticipated because of unexpected disputes that have to be handled.

    I hope that I have provided the Court with the information requested. I stand ready to provide any additional information if requested. I would simply reiterate that we believe that the services of the professionals of the Trustee were necessary because of the vigorously contested matter and were reasonable in light of the situation. These actions did provide a benefit to the Estate as has been previously related to the Court.

    Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

McDowell Law, P.C.

By: /s/ *Paul Pflumm*
     Paul Pflumm

PSP/nsp

cc:    Joseph D. Marchand, Trustee (via email)
        Jenny Kasen (via CM/ECF and email)
        Michelle Bobman (via email)

M:\Active Files\Marchand, Joseph  Chapter 7 Trustee\Gilberg\Fee App-McDowell\Second response to objections 11 29 22.wpd