

February 15, 2023

**VIA CM/ECF**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

      Re:    <u>In re Megan Gilberg</u>,
                Case No. 19-27600-ABA.
                Hearing on Trustee's Final Report
                February 23, 2023 at 2:00 PM

Dear Judge Altenburg:

      This Firm serves as the Attorney for the Trustee in this case. We are in receipt of the Debtor's Objection to the Trustee's Final Report (the "Kasen Objection") in the referenced case. The Trustee and his counsel request that the Kasen Objection be overruled as inconsistent with the Court's prior ruling on fees and as contrary to the previously expressed intent of the Court. Further, the Objection does not produce any benefit to the creditors in this case.

      The compensation issue was originally considered by the Court upon the objection by Debtor's Counsel to the Applications for Compensation filed by original counsel for the Trustee, successor counsel for the Trustee and Special Counsel for the Trustee. In its consideration of those objections, the Court made an inquiry as to the professionals' self-imposed reductions. Therefore, as part of the response, counsel submitted a copy of the Trustee's letter containing the self-imposed agreement by his professionals to *pro rata* fees, in order to permit a distribution to general unsecured creditors. The terms of the agreement specified a blanket reduction of 66% in the compensation of all professionals retained by the Trustee. This September 26, 2022 agreement also preceded the entry of the October 27, 2022 Accountant's Fee Order.

      Your Honor's oral opinion noted counsels' agreement and stated "candidly, in light of the reduction the Court is at a loss as why any objection remains." *See* Document 103 on the Docket. Although the Court commented with respect to the pending fee applications, it was indicated that the Court considered that the self-imposed reductions resolved the concerns of the Court and the Order prepared by the Court granted fees to the attorneys in the amounts contained in the agreement.

      The position advanced by the Kasen Objection would result in a second *pro rata*

46 West Main Street, Maple Shade, NJ 08052
T: 856.482.5544 | F: 856.482.5511 | www.mcdowelllegal.com

reduction to the attorneys fees. Nothing in the oral opinion of the Court indicated an intent that counsels' fees be subject to a second *pro rata* reduction on top of the reduction they had already agreed to accept.

In conformity with the letter agreement and the Orders, the Trustee therefore utilized the specified amounts contained in the Orders and the agreement in the preparation of his final report, with the understanding that he was acting to carry the Court's expressed intent.

It is submitted that the result sought in the Kasen Objection would be at odds with the result intended by the Court. Therefore, it is requested that the Kasen Objection be denied and that the Court enter an Order approving the Trustee's Final Report. However, in the event that the Court is concerned that the amounts contained in the reduced fee orders for Trustee's Counsel and Special Counsel as opposed to the previously entered amount contained in the Trustee's Accountant's Order would lead to an inconsistent result, it is respectfully suggested that amendments to the attorneys orders would remedy the result.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

MCDOWELL LAW PC

By: /s/ *Joseph A. McCormick, Jr.*
     Joseph A. McCormick, Jr.
     For the Firm

cc:    Jenny Kasen, Esquire (via email only)
       Joseph Marchand, Trustee (via email only)
       Rochelle Bobman, Esquire (via email only)
       Donna Miller, CPA (via email only)

M:\Active Files\Marchand, Joseph Chapter 7 Trustee\Gilberg\Obj to Trustee's Final Report\ABA ltr re TFR 2 14 23b.wpd